**Larry L. Linder, OSB #010724**
llinder@salememploymentlawyer.com
**Douglas J. Davis, OSB #140577**
ddavis@salememploymentlawyer.com
The Law Office of Larry L. Linder, LLC
3000 Market St Plaza NE, Suite 150
Salem, OR 97301
Tel: (503) 585-1804
Fax: (503) 585-1834
Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **JERRY TEMPLETON** and **JOHN TEMPLETON (a/k/a Johnny Harbula, a/k/a J.T. Davis),**<br><br>        Plaintiffs,<br><br>vs.<br><br>**THE AUTOMOBILE CORPORATION,** an Oregon Corporation d/b/a **OREGON AUTO CENTER,** and **REZA LANKARANI,** an individual,<br><br>        Defendants. | Case No._____<br><br>**COMPLAINT – WILLFUL VIOLATION OF 29 U.S.C. § 206 (FLSA Minimum Wage) and § 207 (FLSA Overtime Pay)**<br><br>(Jury Trial Requested) |

Plaintiffs allege:

**JURISDICTION AND VENUE**

1.

This is an action for the willful violation of the Fair Labor Standards Act, 29 U.S.C. § 202 *et seq.* Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331 (federal question jurisdiction) and § 1337 (Congressional Acts relating to commerce).

Page 1 - Complaint

Law Office of Larry L. Linder, LLC
3000 Market St Plaza NE, Suite 150
Salem, OR 97301
(T)(503)585-1804  (F)(503)585-1834
info@salememploymentlawyer.com

2.

Venue is appropriate in this Court under 28 U.S.C. §1391, because the events giving rise to this Complaint occurred in this District, and because Defendants' principal place of business is located in Washington County, Oregon.

## PARTIES

3.

Plaintiff, Jerry Templeton ("Jerry"), is a resident of Marion County, Oregon. Plaintiff, John Templeton ("John"), is a resident of Clackamas County, Oregon, who has gone by the names of Johnny Harbula and J.T. Davis. Plaintiffs are brothers. Joinder of plaintiffs is permitted in this case because they assert the right to compensation for lost wages arising out of the same series of transactions and occurrences with Defendants, and because there is a common question of law or fact to the plaintiffs, including the inaccurate application of overtime exemptions and the incorrect categorization as independent contractors to each.

4.

Defendant, The Automobile Corporation ("Oregon Auto"), is an Oregon Corporation doing business as Oregon Auto Center, with its principal place of business in Washington County, Oregon and that at all relevant times was conducting regularly sustained business activities in Washington County, Oregon. Defendant Reza Lankarani ("Lankarani") is the president and principal of Oregon Auto, who resides in Marion County, Oregon, and at all times material hereto acted on behalf of Oregon Auto.

///

///

///

///

Page 2 - Complaint

Law Office of Larry L. Linder, LLC
3000 Market St Plaza NE, Suite 150
Salem, OR 97301
(T)(503)585-1804 (F)(503)585-1834
info@salememploymentlawyer.com

**FACTUAL ALLEGATIONS**

5.

Oregon Auto operates a wholesale and retail car business. As part of this business, Oregon Auto employs drivers to travel throughout the northwest, from northern California to the Canadian border, to retrieve and deliver automobiles for Oregon Auto's inventory.

6.

During the time period relevant to this Complaint, Oregon Auto employed Jerry and John as drivers, until their employment was terminated on August 5, 2013. Both brothers drove extensively in territories ranging from northern California to the Canadian border. In the course and scope of their jobs, Plaintiffs were expected to and did drive a minimum of ten hours, and sometimes as many as twenty hours, in a single 24-hour period. Plaintiffs routinely worked seventy hours per week or more.

7.

Although at various periods in their employment, Oregon Auto classified plaintiffs as independent contractors, executives, or employees, Plaintiffs were in fact at all times employees of Oregon Auto. They reported to Oregon Auto's managers, were made to submit reports and complete other paperwork, complied with deadlines set by Oregon Auto, and were subject to the control and disciplinary authority of Oregon Auto.

8.

In 2013, Plaintiffs agreed wage rate was $9.50 per hour. Although they worked in excess of forty hours per week, Plaintiffs were not paid their overtime premium (one-and-a-half times the base wage). Plaintiff's pay stubs typically indicated that they worked forty hour work weeks, and then Plaintiffs would receive a "commission" in an amount equivalent to their base hourly wage for the hours they worked in excess of forty hours, again exclusive of the overtime

Page 3 - Complaint

Law Office of Larry L. Linder, LLC
3000 Market St Plaza NE, Suite 150
Salem, OR 97301
(T)(503)585-1804  (F)(503)585-1834
info@salememploymentlawyer.com

premium.  Thus, Oregon Auto inaccurately reported Plaintiffs' time to its payroll company.

9.

Oregon Auto arbitrarily changed how it treated the classification of Plaintiffs as employees or as independent contractors.  These changes occurred frequently but irregularly, and occasionally on a weekly basis.  This negatively affected the Plaintiffs' income by increasing their tax burden.  Plaintiffs' correct classification during the extent of their employment should have been non-exempt employees.

10.

In addition to their duties as drivers, but still in their capacity as Oregon Auto employees, Plaintiffs were instructed by Lankarani to perform personal tasks unrelated to their jobs as drivers in 2012 and 2013.  Examples of such tasks included landscaping and removing trees at Oregon Auto's dealership; remodeling Oregon Auto's office space and Lankarani's personal resident; and cleanup and maintenance.  Plaintiffs were not compensated for this work.

11.

Plaintiffs were both terminated on August 5, 2013.  They were not paid the full amount of their earned and unpaid wages and unpaid overtime compensation upon termination.

## FIRST CLAIM AGAINST DEFENDANTS–VIOLATION OF FAIR LABOR STANDARDS ACT

**(Count 1–Violation of 29 U.S.C. § 206 – Unpaid Minimum Wages)**

12.

Plaintiffs reallege paragraphs 1-11. 29 U.S.C. § 206 provides in relevant part, "Every employer shall pay to each of his employees who in any workweek is engaged in commerce … or is employed in an enterprise engaged in commerce, wages at … $7.25 an hour."  Pursuant to 29 U.S.C. § 216(b), "Any employer who violates the provisions of section 206 … of this title

Page 4 - Complaint

Law Office of Larry L. Linder, LLC
3000 Market St Plaza NE, Suite 150
Salem, OR 97301
(T)(503)585-1804  (F)(503)585-1834
info@salememploymentlawyer.com

shall be liable to the employee or employees affected in the amount of their unpaid minimum wages … and in an additional equal amount as liquidated damages." Oregon Auto is an employer within the purview of these statutes.

13.

Plaintiffs performed work for Defendants and were engaged in interstate commerce or were employed by an enterprise engaged in interstate commerce. Plaintiffs were not paid the minimum wage for all hours worked in the previous three years, and in fact were not paid at all for a number of hours worked. Defendants violated 29 U.S.C. § 206. Defendants' nonpayment of these wages was willful within the meaning of 29 U.S.C. § 255(a).

14.

Pursuant to 29 U.S.C. § 216(b), Plaintiffs are entitled to their unpaid wages and an equal amount in liquidated damages in an amount to be determined at trial.

15.

Pursuant to 29 U.S.C. § 216(b), Plaintiffs request their reasonable attorney fees and costs associated with this action.

**(Count 2 – Violation of 29 U.S.C. § 207 – Unpaid Overtime Wages)**

16.

Plaintiffs reallege paragraphs 1-15. 29 U.S.C. § 207 provides in relevant part, "no employer shall employ any of his employees... for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." Pursuant to 29 U.S.C. § 216(b), "Any employer who violates the provisions of …section 207 of this title shall be liable to the employee or employees affected in the amount of their … unpaid overtime compensation … and in an additional equal amount as liquidated damages." Oregon

Page 5 - Complaint

Law Office of Larry L. Linder, LLC
3000 Market St Plaza NE, Suite 150
Salem, OR 97301
(T)(503)585-1804  (F)(503)585-1834
info@salememploymentlawyer.com

Auto is an employer within the purview of these statutes.

17.

Defendants were employers and Plaintiffs were employees as those terms are defined under FLSA.

18.

Plaintiffs were required to work more than forty hours per week and were not properly compensated for these overtime hours. During the statutory time period for bringing these claims, John was not compensated for at least 276.5 overtime hours for unpaid wages of $3,940.13 and Jerry was not compensated for at least 323.25 overtime hours for unpaid wages of $4,606.32. Oregon Auto violated 29 U.S.C. § 207. Oregon Auto's violation was willful within the meaning of 29 U.S.C. §255(a).

19.

Pursuant to 29 U.S.C. § 216(b), Plaintiffs are entitled to their unpaid overtime and an equal amount in liquidated damages.

20.

Pursuant to 29 U.S.C. § 216(b), Plaintiffs request their reasonable attorney fees and costs associated with this action.

**(Count 3 – 29 U.S.C. §216(e)(2) (Individual liability for willful nonpayment)**

21.

Plaintiffs reallege Paragraphs 1-20. Pursuant to 29 U.S.C. § 216(e)(2), "Any person who repeatedly or willfully violates section 206 or 207 of this title, relating to wages, shall be subject to a civil penalty not to exceed $1,100 for each such violation."

22.

Lankarani is a person within the meaning of the statute, who willfully, and with

Page 6 - Complaint

LAW OFFICE OF LARRY L. LINDER, LLC
3000 MARKET ST PLAZA NE, SUITE 150
SALEM, OR 97301
(T)(503)585-1804  (F)(503)585-1834
INFO@SALEMEMPLOYMENTLAWYER.COM

controlling influence, violated 29 U.S.C. §§ 206 and 207, as outlined above.  Each paycheck on which Plaintiffs were improperly paid was willful by Lankarani, and constitutes a distinct violation of the applicable section of the FLSA.

23.

Pursuant to 29 U.S.C. § 216(e)(2), Lankarani is personally liable for a civil penalty in the amount of $1100 per violation, for a total of $11,000 for John and $11,000 for Jerry.

**WHEREFORE**, Plaintiff John Templeton requests unpaid minimum wages in an amount to be determined at trial, unpaid overtime compensation in the amount of at least $3,940.13 and to be determined at trial, and liquidated damages in an amount to be determined at trial.  Plaintiff Jerry Templeton requests unpaid minimum wages in an amount to be determined at trial, unpaid overtime compensation in the amount of at least $4,606.32, and liquidated damages in an amount to be determined at trial.  Plaintiffs each seek the civil penalty against Lankarani; John for $11,000 and Jerry for $11,000.  Both Plaintiffs seek their reasonable attorney costs and fees in this action, pursuant to 29 U.S.C. §216(b).

DATED this 3rd day of March, 2016.

  /s/Larry L. Linder
Larry L. Linder    OSB#010724
Douglas J. Davis    OSB#140577
Attorney for Plaintiff
Law Office of Larry L. Linder, LLC
3000 Market St. Plaza NE, Suite 150
Salem, Oregon 97301
Telephone: (503)585-1804
Facsimile: (503)585-1834
info@salememploymentlawyer.com

Page 7 - Complaint

LAW OFFICE OF LARRY L. LINDER, LLC
3000 MARKET ST PLAZA NE, SUITE 150
SALEM, OR 97301
(T)(503)585-1804  (F)(503)585-1834
INFO@SALEMEMPLOYMENTLAWYER.COM